O

# United States District Court
# Central District of California

| | |
|---|---|
| OCEAN WEST FOOD SERVICES, LLC et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>QI QIANG HUANG et al.,<br><br>　　　　Defendants. | Case № 2:24-cv-00142-ODW (Ex)<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS [54]** |

## I.　INTRODUCTION

Presently before the Court is Plaintiff-Counterdefendants' ("Plaintiffs") Motion to Dismiss Defendant-Counterclaimants' ("Defendants") first, second, third, and fourth counterclaims. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 54.) After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument and vacated the December 9, 2024 hearing. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Because Defendants have not filed an opposition, the Court **GRANTS** the Motion.

## II.　DISCUSSION

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated

1  for hearing the motion.  Additionally, Local Rule 7-12 provides that "[t]he failure to
2  file any required paper, or the failure to file it within the deadline, may be deemed
3  consent to the granting or denial of the motion."  *See Ghazali v. Moran*, 46 F.3d 52,
4  54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based
5  on plaintiff's failure to oppose motion as required by local rules).  Prior to dismissing
6  an action pursuant to a local rule, courts must weigh: (1) the public interest in
7  expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk
8  of prejudice to the defendants, (4) public policy favoring disposition of cases on the
9  merits, and (5) the availability of less drastic measures.  *Id.* at 53 (quoting *Henderson
10  v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "Explicit findings with respect to
11  these factors are not required."  *Ismail v. County of Orange*, SACV 10-00901 VBF
12  (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (first citing *Henderson*,
13  779 F.2d at 1424; and then citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129
14  (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)).  In *Ghazali*, the Ninth Circuit
15  found these factors satisfied where the plaintiff received notice of the motion and had
16  ample opportunity to respond yet failed to do so.  *See* 46 F.3d at 54.

17        The Court has considered the *Ghazali* factors and is persuaded that granting
18  Plaintiffs' Motion is appropriate.  The hearing on Plaintiffs' Motion was set for
19  December 9, 2024.  Defendants' opposition was therefore due by November 18, 2024.
20  However, Defendants did not file an opposition.  Instead, on December 3, 2024,
21  Defendants requested leave to file a Second Amended Counterclaim.  (Req., ECF
22  No. 59).  Plaintiffs opposed this request, (Opp'n Req., ECF No. 64), and the Court
23  denied it, (Min. Order, ECF No. 66).  Regardless, Defendants' filing is untimely,
24  whether construed as an opposing paper—deadline expired on November 18, 2024—
25  or a request to amend their pleading—deadline expired on July 29, 2024.  (Scheduling
26  Order 25, ECF No. 36.)

27        As Defendants' filing was untimely—both as an opposing paper and as a
28  request to file an amended pleading—the Court declines to consider it.  *See* C.D. Cal.

L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.") The Court thus deems Defendants' failure to oppose as consent to granting Plaintiffs' Motion and dismisses the first, second, third, and fourth counterclaims.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Dismiss. (ECF No. 54.) Defendants' first, second, third, and fourth counterclaims are **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

December 11, 2024

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**